UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOEL ANTONIO CARVAJAL QUINTANA (A# 244-433-019),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION CENTER,

Respondent.

No. 1:26-cv-08502 TLN SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a citizen and national of Venezuela who applied for admission into the United States at San Ysidro, California, on March 9, 2024. ECF No. 1 at 2, ¶ 5; ECF No 9-1 at 7 (Form I-213). Immigration officials issued him a Notice to Appear ("NTA") administratively charging him as inadmissible under 8 U.S.C. §§ 1182(a)(7)(A)(i)(I) (noncitizen not in possession of valid entry document) and released him on humanitarian parole. ECF No. 9-1 at 8. Petitioner's parole was valid through March 8, 2026. ECF No. 1 at 2, ¶ 6.

On August 24, 2026, Border Patrol agents arrested Petitioner after a traffic stop in Niagara

Falls, New York. ECF No 9-1 at 3. According to Petitioner's I-213, the vehicle belonged to another noncitizen who voluntarily departed in May 2026. Id. The warrant for arrest (Form I-200) falsely lists Petitioner's entrance into the United States as without inspection at an "unknown place" on an "unknown date." Id. at 5. Petitioner was served an "Apprehension Fee" of $5,130 under 8 U.S.C. § 1815. Id. at 4. That provision requires the Security of Homeland Security to collect such fees from an "inadmissible alien at the time such alien is apprehended between ports of entry." 8 U.S.C. § 1815(a). Petitioner is currently detained at the Mesa Verde Detention Center within this judicial district. ECF No. 1 at 1, ¶ 2.

Petitioner filed his § 2241 petition on October 16, 2026, challenging, *inter alia*, the lack of meaningful opportunity to contest his custody under the Due Process Clause of the Fifth Amendment (Count Two). ECF No. 1 at 3-4. He seeks immediate release or, in the alternative, a constitutionally adequate individualized custody review. Id. at 7. Respondent argues that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1). ECF No. 9 at 2. If the Court determines Petitioner is instead subject to 8 U.S.C. § 1226(a), Respondent submits that "the only remedy warranted here is a bond hearing." Id. at 2.

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to

ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not protected by even the substantive component of constitutional due process, ... we do not see why the United States government could not torture or summarily execute them. ... [W]e conclude that government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment.").

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

### III. Due Process Analysis[1]

Although it appears Petitioner's humanitarian parole expired before his arrest, "[his] liberty interest does not evaporate when a term of parole expires." Juan Carlos V.B. v. Chestnut, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *2 (E.D. Cal. May 5, 2026) (citation omitted); see also D.L.C. v. Wofford, 820 F. Supp. 3d 1106, 1111 (E.D. Cal. 2026) (noting that

[1] The Court need not resolve whether Petitioner is detained under § 1225(b) or 1226(a) given that his due process rights and his remedy are identical under either statutory detention authority.

numerous courts in the Ninth Circuit have found humanitarian parolees retain a liberty interest after expiration of parole and collecting cases). Consistent with the Court's reasoning and rulings in substantively identical cases, the undersigned finds that the Mathews analysis shows that Petitioner's re-arrest without pre-deprivation hearing violated his Fifth Amendment right to procedural due process. See Juan Carlos V.B., 2026 WL 1224238, at *3 (E.D. Cal. May 5, 2026) (concluding Mathews analysis showed the re-detention of humanitarian parolee without pre-deprivation notice or hearing violated procedural due process).

In tailoring the remedy for this due process violation, the undersigned observes that the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). The assigned District Judge has identified post-deprivation remedies as a "special case" and appropriate only with the presence of mitigating circumstances (e.g., final order of removal, criminal history, or individualized changed circumstances to justify re-detention). Charan S. v. Warden of the California City Det. Facility, No. 1:26-CV-03017-TLN-JDP, 2026 WL 1144158, at *7 (E.D. Cal. Apr. 28, 2026) (citing Zinermon, 494 U.S. at 129). Because Respondent does not identify any aggravating circumstances in their answer, and none is apparent from the record, the undersigned finds that immediate release is the appropriate remedy.[2]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (ECF No. 3) is DENIED as moot.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count Two (Procedural Due Process).[3]

---

[2] Petitioner does not challenge the government's imposition of an "Apprehension Fee" upon arrest pursuant to 8 U.S.C. § 1815. The imposition of this fee without any apparent process raises serious concerns, particularly given Petitioner's liberty interest as a parolee and the inaccurate manner-of-entry information in the concurrently issued arrest warrant. See F.R.P. v. Wamsley, No. 3:25-CV-01917-AN, 2026 WL 482184, at *3-*4 (D. Or. Feb. 19, 2026) (granting habeas petition and setting aside 8 U.S.C. § 1815 fee as unconstitutional as applied to the petitioner).

[3] In the interests of judicial economy, Petitioner's remaining claims are not addressed herein.

2. Respondents be ordered to IMMEDIATELY RELEASE Petitioner YOEL ANTONIO CARVAJAL QUINTANA (A# 244-433-019). Respondents may place Petitioner on standard conditions of supervision.

3. At the time of release, Respondents must return all of Petitioner's documents and possessions.

4. Respondents be ordered to file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

a. Serve a copy of any release order on the Mesa Verde Detention Center; and

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE